**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
STEPHEN FLANAGAN as a Trustee of the
General Laborers' Local 66 Pension Fund,
STEPHEN FLANAGAN as a Trustee of the
General Building Laborers' Local 66 Welfare
Fund, STEPHEN FLANAGAN as Trustee of the
General Building Laborers' Local 66 Annuity
Fund, STEPHEN FLANAGAN as a Trustee of
the General Building Laborers' Local 66 Greater
NY Laborers' Employer Cooperative and
Educational Trust Fund, STEPHEN
FLANAGAN as a Trustee of the General
Building Laborers' Local 66 Training Program,
STEPHEN FLANAGAN as a Trustee of the
General Building Laborers' Local 66 New York
State Health and Safety Fund, STEPHEN
FLANAGAN as Business Manager of the
General Building Laborers' Local Union No. 66
of the Laborers' International Union of North
America, AFL-CIO, STEPHEN FLANAGAN as
a Trustee of the General Building Laborers'
Local 66 Vacation Fund, and STEPHEN
FLANAGAN as a Trustee of the General
Building Laborers' Local 66 Laborers' Employer
Cooperative and Educational Trust Fund,

                Plaintiffs,

      -against-

XANDER ENVIRONMENTAL CORP.,
SEGUNDO GUSTAVO GUATO and ROSA
DIAZ,

                Defendants.
-----------------------------------------------------------X

**ADOPTION ORDER**
2:17-cv-3382 (ADS) (ARL)

**APPEARANCES:**

**LaVelle Law & Associates, P.C.**
*Attorneys for the Plaintiff*
57 East Main Street
Patchogue, NY 11772
      By:    William Troy LaVelle, Esq., of counsel.

1

**SPATT, District Judge**:

On June 6, 2017, the Plaintiffs sued Xander Environmental Corp., Segundo Gustavo Guato, and Rosa Diaz ("the Defendants"), under § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a), (e), (f), and (g), and § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. They brought the action to recover damages for unpaid contributions to employee benefit plans, and they asked for $ 20,588.08 in unpaid contributions, $ 2,864.53 in interest from the unpaid contributions, $ 4,117.61 in liquidated damages, reimbursement for the cost of an independent audit of the books and records of Xander Environmental Corp. ("Xander"), $ 1,750.00 in attorney's fees, and $ 730.00 in costs.

On May 14, 2018, after the Defendants failed to answer or otherwise respond to the complaint, the Plaintiffs requested a certificate of default as to Xander, the corporate defendant. That same day, the Clerk of Court entered a default as to Xander, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 55(a). On December 21, 2018, the Plaintiffs filed the present motion for default judgment, again, as to Xander only.

On December 22, 2018, the Court referred the motion to United States Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R") as to whether the motion for default judgment should be granted, and, if so, whether damages should be awarded. On May 23, 2019, Judge Lindsay issued an R&R, recommending that:

(1) a default judgment was warranted and should be GRANTED against Xander;

(2) Plaintiffs' request for $20,588.08 in unpaid contributions be GRANTED;

(3) Plaintiffs' request for $ 2,864.53 for interest on the unpaid contributions be GRANTED;

(4) Plaintiffs' request for $ 4,117.61 for liquidated damages be GRANTED;

2

(5) Plaintiffs' request for reimbursement of the costs of the independent audit be GRANTED in the amount of $ 4,941.00;

(6) Plaintiffs' request for attorney's fees of $ 1,750.00 be GRANTED; and

(7) Plaintiffs be awarded $730.00 in costs.

ECF 17-cv-3382, doc. 19 at 5–8.

The Plaintiffs filed proof of service on May 30, 2019. It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the R&R for clear error, and, finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346 at *1 (reviewing R&R without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Plaintiffs' motion for default judgment as to defendant Xander is granted. The Plaintiffs are awarded damages, attorney's fees and costs in the amounts set out in the R&R.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York  /s/ Artur D. Spatt

August 5, 2019  ARTHUR D. SPATT

United States District Judge